Mary E. Flynn
Danielle C. Lesser
Brett Dockwell
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600
*Attorneys for Plaintiff*
*Five Star Development Resort Communities, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

FIVE STAR DEVELOPMENT RESORT
COMMUNITIES, LLC,

                    Plaintiff,

        -against-

iSTAR RC PARADISE VALLEY LLC,

                    Defendant.

-------------------------------------------------------------------X

No. 09 Civ. 2085 (LTS)(AJP)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STAY DEFENDANT'S SECOND AND THIRD COUNTERCLAIMS AND/OR TO SEVER AND TRANSFER THE COUNTERCLAIMS TO THE DISTRICT OF ARIZONA

MorrisonCohen LLP

909 Third Avenue, New York, NY 10022-4731 • p:212.735.8600 • f:212.735.8708

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

FACTUAL BACKGROUND...........................................................................................................2

      A.    iStar's Counterclaims in this Action.......................................................................2

      B.    iStar's Arizona ROW Action..................................................................................4

ARGUMENT....................................................................................................................................5

I.     ADJUDICATION OF ISTAR'S COUNTERCLAIMS SHOULD BE STAYED
       UNTIL THE CONCLUSION OF ISTAR'S ARIZONA ACTION ....................................5

II.    ALTERNATIVELY, THE ROW CLAIMS SHOULD BE SEVERED AND
       TRANSFERRED TO THE DISTRICT OF ARIZONA.......................................................7

CONCLUSION...............................................................................................................................10

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Flair Broadcasting Corp. v. Powers*,
No. 89 Civ. 2528, 1995 U.S. Dist. LEXIS 12415 (S.D.N.Y. Aug. 28, 1995) ...........................6

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) .................................................................................................................8

*Katsaros v. Cody*,
744 F.2d 270 (2d Cir.), *cert. denied*, 469 U.S. 1072 (1984) ....................................................5, 6

*Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*,
342 U.S. 180 (1952) .................................................................................................................7

*Landis v. North American Co.*,
299 U.S. 248 (1936) .................................................................................................................5

*Mattel, Inc. v. Louis Marx & Co.*,
353 F.2d 421 (2d Cir. 1965), *cert. dismissed*, 384 U.S. 948 (1966) ...........................................7

*Reliance Insurance Co. v. Six Star, Inc.*,
155 F. Supp. 2d 49 (S.D.N.Y. 2001) ......................................................................................8

*William Gluckin & Co. v. International Playtex Corp.*,
407 F.2d 177 (2d Cir. 1969) ...................................................................................................8

*Williams v. City of New York*,
No. 03 Civ. 5342, 2006 U.S. Dist. LEXIS 6470 (S.D.N.Y. Feb. 21, 2006) ..............................7

## FEDERAL STATUTES

28 U.S.C. § 1404(a) ...................................................................................................................7

Fed. R. Civ. P. 42(b) ................................................................................................................5

Fed. R. Civ. P. 45(c)(3) .............................................................................................................8

Plaintiff Five Star Development Resort Communities, LLC ("Five Star") submits this memorandum of law in support of its motion to stay the second and third counterclaims asserted by Defendant iStar RC Paradise Valley LLC ("iStar") pending the outcome of iStar's Arizona action involving the same issues and/or to sever and transfer the second and third counterclaims to the District of Arizona so they can be litigated in connection with iStar's pending action involving virtually identical claims.

## PRELIMINARY STATEMENT

iStar's second and third counterclaims relate to a strip of land known as the Indian Bend right-of-way (the "Indian Bend ROW"). iStar claims that the acquisition of the Indian Bend ROW was fraudulent and/or a breach of contract, and iStar seeks damages related thereto. iStar has also commenced two other actions asserting virtually identical claims relating to the Indian Bend ROW, seeking similar damages and related relief: *iStar RC Paradise Valley LLC v. Ayoub*, No. 11-cv-3481 (S.D.N.Y.) (the "New York ROW Action") and *iStar RC Paradise Valley LLC v. Five Star Development Communities LLC*, No. 10-cv-2191 (D. Ariz.) (the "Arizona ROW Action").[1]

By this motion, Five Star requests that the Court stay iStar's second and third counterclaims (together, the "ROW Claims") pending the outcome of the Arizona ROW Action, or alternatively, sever and transfer the ROW Claims to the U.S. District Court for the District of Arizona for disposition there together with the Arizona ROW Action.

---

[1] The New York ROW Action is subject to a motion to dismiss and to transfer venue to the District of Arizona, which is <u>sub judice</u>. The Arizona ROW Action is in its final stages, with fact discovery having already closed.

The relief sought is appropriate for several reasons. First, virtually no discovery has been taken in this action with respect to the ROW Claims. iStar first asserted the ROW Claims after all fact and expert discovery had closed in this action. Thus, the factual record on which the ROW Claims rely has been undeveloped here. But iStar has asserted virtually identical claims based on the same facts, involving the same witnesses and documents in the Arizona ROW Action. The Arizona ROW Action has progressed significantly, and the parties there have had a full opportunity to conduct discovery with respect to the Indian Bend ROW.[2] Second, the witnesses and parties relating to the ROW Claims are almost exclusively located in Arizona, and of course the strip of land known as the Indian Bend ROW is located in Arizona. Third, this trial would be simplified significantly if the ROW Claims are severed and heard in Arizona, and there would be no need for two trials on the ROW Claims – with the possibility of inconsistent adjudications – both here and in the Arizona ROW Action.

Five Star respectfully submits that the interests of justice and of judicial economy would be served by staying the ROW Claims here pending conclusion of the Arizona ROW Action and/or by severing the ROW Claims and transferring them to the District of Arizona.

## FACTUAL BACKGROUND

### A.    ISTAR'S COUNTERCLAIMS IN THIS ACTION

Five Star commenced this action on March 6, 2009, seeking declaratory, injunctive and monetary relief against iStar for its wrongful termination of funding under the Loan Agreement. (Am. Compl., May 14, 2009 [Docket Entry 18]). On May 18, 2009, this Court enjoined iStar

---

[2]  While counsel for Five Star in this action is not involved in the Arizona ROW Action, the Defendant's counsel here is actively involved in the Arizona ROW Action and seeks to use in this proceeding testimony adduced in Arizona.

from declaring Five Star in default and foreclosing under the Loan Documents. (Stip. & Order, May 18, 2009 [Docket Entry 24]; Mem. Op. & Order Granting Motion for Prelim. Inj., March 18, 2010 [Docket Entry 60]).    Fact discovery concluded on January 29, 2010, and expert discovery concluded on May 28, 2010.    (Pre-Trial Scheduling Order, Aug. 14, 2009 [Docket Entry 52]; Endorsed Letter, May 13, 2010 [Docket Entry 63]).

On July 23, 2010, months after the close of discovery, iStar filed an answer and counterclaims, which it amended on October 14, 2010.    (iStar Answer & Countercl., July 23, 2010 [Docket Entry 66] ("Answer"); iStar Am. Countercl., Oct. 14, 2010 [Docket Entry 82] ("Am. Countercl.")).

iStar's first counterclaim, which seeks declaratory judgment, alleges that Five Star failed to satisfy more than a dozen conditions precedent to iStar's obligation to disburse funds.    (Am. Countercl. ¶¶ 9-43).    iStar's second counterclaim alleges that the transfer of the Indian Bend ROW to Five Star Development Communities LLC ("Five Star Communities") violated the Loan Documents, including Section 5.2 of the Deed of Trust and Sections 4.6(A), 4.6(B), and 4.6(D) of the Loan Agreement.    (Am. Countercl. ¶¶ 59-65).    iStar's third counterclaim alleges that representations by B. Lanny Cowart, Five Star's chief financial officer, in Draw Request 19 and representations by Jerry Ayoub, Five Star's president, during a January 5, 2009 phone conversation with iStar's David Sotolov fraudulently induced iStar to fund the acquisition of the Indian Bend ROW, allegedly to iStar's detriment.    (Id. ¶¶ 68-73).    iStar's second and third counterclaims seek monetary and declaratory relief from Five Star.

On March 26, 2012, this Court denied iStar's motion for summary judgment on its first counterclaim, stating that the Loan Agreement was ambiguous as to when the conditions precedent in the Loan Agreement were required to be satisfied.    (Mem. & Order, March 26, 2012

[Docket Entry 137] at 13-14). In the same decision, the Court denied Five Star's motion to dismiss iStar's amended counterclaims. (*Id.* at 6-13).

### B.   iStar's Arizona ROW Action

On October 14, 2010, iStar commenced its Arizona ROW Action against Five Star Communities in the U.S. District Court for the District of Arizona. While the Arizona ROW Action was commenced on October 14, 2010, the complaint was not served until January 25, 2011, apparently in an effort to prevent Five Star from addressing the new Arizona ROW Action in connection with its opposition to iStar's motion for summary judgment in this case. Like its second and third counterclaims in this action, iStar's claims in its Arizona ROW Action are based on Five Star Communities' acquisition of the Indian Bend ROW and involve the same events and loan documents that iStar relies on in support of its second and third counterclaims. (Declaration of Linnette Flanigan, dated May 16, 2012 ("Flanigan Decl."), Ex. 1 ("Ariz. Am. Compl.") ¶¶ 35-67 (emphasis added)). While iStar's Arizona ROW Action seeks declaratory and equitable relief granting iStar a beneficial interest in the Indian Bend ROW (as opposed to the damages sought in the second and third counterclaims), a ruling in either party's favor in the Arizona ROW Action may be dispositive of the second and third counterclaims in this action.

Fact discovery in the Arizona ROW Action, which focused solely on the Indian Bend ROW transaction, closed on April 13, 2012.[3] (Flanigan Decl. ¶ 5). Eight witnesses were deposed, and document productions were made regarding the Indian Bend ROW transaction. (*Id.*). Conversely, discovery in this action scarcely touched upon the Indian Bend ROW transaction, as iStar did not identify the Indian Bend ROW as a claim in this action until after

---

[3] Expert disclosures pursuant to Rule 26 are due May 18, 2012. (Flanigan Decl., Ex. 3 at ¶ 5).

discovery had closed.

## ARGUMENT

I.   **ADJUDICATION OF ISTAR'S COUNTERCLAIMS SHOULD BE STAYED UNTIL THE CONCLUSION OF ISTAR'S ARIZONA ACTION**

iStar's ROW Claims should be severed from Five Star's contract cause of action and iStar's first counterclaim (the "Contract Claims") and stayed until the conclusion of the Arizona ROW Action. The Court has broad discretion under Rule 42(b) to bifurcate the ROW Claims for separate disposition after the Arizona ROW Action has been concluded.[4] *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir.), *cert. denied*, 469 U.S. 1072 (1984). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (Cardozo, J.).

The trial of the ROW Claims before the adjudication of the Arizona ROW Action not only undermines judicial efficiency, it also creates the risk of inconsistent judgments regarding the same events and documents. For example, iStar's second counterclaim alleges that the transfer of the Indian Bend ROW violated Section 5.2 of the Deed of Trust and Sections 4.6(A), 4.6(B) and 4.6(D) of the Loan Agreement. (Am. Countercl. ¶¶ 62-65). Likewise, iStar's Amended Complaint in the Arizona ROW Action alleges that Five Star Communities' acquisition of the Indian Bend ROW "violates multiple provisions and covenants of the Deed of

---

[4]   Five Star has separately moved pursuant to Fed. R. Civ. P. 42(b) to bifurcate the liability phase of the trial in this action from the remedy phase of the trial. If the ROW Claims are addressed at all in this action, they can be addressed after the conclusion of the liability phase and after the disposition of the ROW Claims in the Arizona ROW Action.

Trust and Loan Agreement." (Ariz. Am. Compl. ¶ 34). In addition, iStar asserts the same exact allegations in its third counterclaim here and its third count in the Arizona ROW Action – namely that Mr. Cowart's submission of Draw Request 19 and Mr. Ayoub's January 5, 2009 phone conversation with iStar's David Sotolov allegedly constituted fraudulent misrepresentations with respect to the Indian Bend ROW. (Am. Countercl. ¶¶ 68-73; Ariz. Am. Compl. ¶¶ 54-57).

These events have been the subject of extensive discovery in Arizona and will likely be the subject of dispositive motions to be filed by September 21, 2012. (*See* Flanigan Decl., Ex. 3 at ¶ 7). Conversely, because iStar never raised these issues prior to the close of discovery in this case, the factual record was never developed with respect to these claims. iStar then chose to assert claims based on these same allegations in two additional actions, creating the possibility that adjudication of the ROW Claims will have preclusive effect in other actions in which dispositive motions have yet to be decided. Those new actions should be permitted to proceed as iStar's procedural gamesmanship inhibited Five Star's New York counsel from developing any factual record concerning the ROW Claims.

Because discovery has been conducted in Arizona ROW Action, bifurcation of the ROW Claims from the Contract Claims is appropriate. Five Star would be significantly disadvantaged by having to defend an "action brought after discovery was concluded and after a trial date was set." *Flair Broadcasting Corp. v. Powers*, No. 89 Civ. 2528, 1995 U.S. Dist. LEXIS 12415, at *7 (S.D.N.Y. Aug. 28, 1995) (severing third-party claims for a subsequent trial); *see also Katsaros*, 744 F.2d at 278 (finding that trial court did not abuse discretion in severing claims that were "still early in discovery" from claims that were "ready for trial").

The interests of judicial administration and conservation of resources – as well as the avoidance of inconsistent judgments – are best served by staying the trial of the ROW Claims until the Arizona ROW Action is concluded or, at least, until dispositive motions have been decided. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952) (affirming stay of second-filed action pending resolution of prior action raising the same issues); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 (2d Cir. 1965) (directing trial court "to stay the Southern District [of New York] action until the New Jersey suit has been terminated"), *cert. dismissed*, 384 U.S. 948 (1966).

## II.   ALTERNATIVELY, THE ROW CLAIMS SHOULD BE SEVERED AND TRANSFERRED TO THE DISTRICT OF ARIZONA

Alternatively, this Court should sever the ROW Claims and transfer them to the District of Arizona for disposition pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Williams v. City of New York*, No. 03 Civ. 5342, 2006 U.S. Dist. LEXIS 6470, at *4-6 (S.D.N.Y. Feb. 21, 2006) (action should be transferred under § 1404(a) where it "might have been brought" in the transferee court and the convenience of parties and witnesses and the interests of justice favor the transferee court).

The ROW Claims asserted here could have been brought in the District of Arizona. "An action 'could have been brought' in another forum if the defendant would have been amenable to personal jurisdiction in the transferee forum at the time the action was commenced and venue is proper there." *Williams*, 2006 U.S. Dist. LEXIS 6470, at *6. Five Star would have been amenable to personal jurisdiction in the District of Arizona when the ROW Claims were filed

because all of the conduct that gives rise to the ROW Claims (i.e., the acquisition of the Indian Bend ROW) took place in Arizona.

In addition, the convenience of witnesses and parties and the interests of justice favor the transfer of the ROW Claims to the District of Arizona. In determining whether to transfer under 28 U.S.C. § 1404(a), the relevant factors to consider are: "(1) the convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) a forum's familiarity with the governing law, (8) the weight accorded a plaintiff's choice of forum, and (9) trial efficiency and the interests of justice based on the totality of the circumstances." *Reliance Insurance Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56-57 (S.D.N.Y. 2001) (Swain, J.). "[T]he balancing of convenience should be left to the sound discretion of the district courts." *William Gluckin & Co. v.* International Playtex Corp., 407 F.2d 177 (2d Cir. 1969).

These factors weigh in favor of transfer of the ROW Claims to the District of Arizona. iStar's ROW Claims center on the transfer of real estate located in Paradise Valley, Arizona, and entail the testimony of Arizona-based witnesses. iStar's allegations in the ROW Claims will require proof through documents located in Arizona and through testimony from Arizona-based third parties, such as local utility companies, governmental agencies, and construction contractors. Under Fed. R. Civ. P. 45(c)(3), these non-party witnesses may not be commanded by subpoena "to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person" in order to testify or attend trial. Accordingly, Arizona is a more appropriate venue for the ROW Claims than New York. "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their

cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947).

Likewise, a central allegation of iStar's ROW Claims is that Lanny Cowart "committed fraud or made material misrepresentations" in submitting Draw Request 19 and that Jerry Ayoub did the same during a phone conversation with iStar's David Sotolov. Mr. Cowart is an Arizona resident, Mr. Ayoub is a Texas resident, and on information and belief, Mr. Sotolov is a California resident. The convenience of these witnesses would be served by the adjudication of these ROW claims in Arizona rather than New York. iStar is plainly of far greater means than Five Star and this factor also favors transfer of the ROW Claims to Arizona. Moreover, trial efficiency would be enhanced by the transfer of the ROW Claims to Arizona, as permitting the ROW Claims to go forward here would mean that a subsequent trial on the same claims would have to take place in Arizona. By transferring the ROW Claims to Arizona, this issue would need to be tried only one time. For all the foregoing reasons, transfer of the ROW Claims to the District of Arizona is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its motion pursuant to Fed. R. Civ. P. 42 to stay trial of iStar's second and third counterclaims pending the outcome of the Arizona ROW Action or, alternatively, to sever and transfer the second and third counterclaims to the District of Arizona pursuant to 28 U.S.C. § 1404(a).

Dated: New York, New York
      May 17, 2012

MORRISON COHEN LLP

By: _____
      Mary E. Flynn
      Danielle C. Lesser
      Brett Dockwell
909 Third Avenue
New York, New York  10022
(212) 735-8600

*Attorneys for Plaintiff*
*Five Star Development Resort Communities, LLC*