UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

FIVE STAR DEVELOPMENT RESORT
COMMUNITIES, LLC,

        Plaintiff,

  -v-                                No.  09 Civ. 02085 (LTS)

iSTAR RC PARADISE VALLEY, LLC,

        Defendant.

-----------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 0 5 2012

## Order

      Plaintiff Five Star Development Resort Communities, LLC ("Plaintiff") moves, seeking an order pursuant to 28 U.S.C. § 1292(b), certifying the Court's September 18, 2012, Memorandum Decision and Order for interlocutory appeal.  The Court has reviewed the motion papers thoroughly and hereby denies the motion.

      A district court may certify an order for interlocutory appeal if "the district judge 'is under the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.'"  United States v. Culbertson, 598 F.3d 40, 45 (2d Cir.2010) (quoting 28 U.S.C. § 1292(b)).  Interlocutory appeal as provided for in 28 U.S.C. § 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."  Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir.1996).  "Moreover, these criteria supply only the minimum standard that movants must meet" and "[d]istrict court judges have broad discretion to deny certification even where the statutory criteria are met."  Bishop v. Best Buy, No. 08 Civ. 8427(LBS), 2011 WL 4011449, at *12 (S.D.N.Y. Sept. 8, 2011) (citations

omitted).

The three factors set forth in 28 U.S.C. § 1292(b) weigh against "departing from the basic policy of postponing appellate review until after the entry of a final judgment" in this instance. Picard v. Estate of Madoff, 464 B.R 578, 582 (S.D.N.Y. 2011). Plaintiff's appeal does not involve a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Picard, 464 B.R. at 582 (internal quotation marks omitted). This Court's September 18, 2012, Order involves a question of law that is significantly intertwined with the factual record in the case. Second, there is no "substantial ground for a difference of opinion." Picard, 464 B.R. at 582. No issue is raised over which there is "conflicting authority," or one that is "particularly difficult and of first impression." Id. Third, an interlocutory appeal would not "materially advance the ultimate termination of the litigation." Id. This final prong is established if an appeal "promises to advance the time for trial or shorten the time required for trial." In re Enron Corp., No. 01 Civ. 16034(SAS), 2007 WL 2780394, at*2 (S.D.N.Y. Sept. 24, 2007). This appeal would do neither, and if anything, would lengthen the time required for trial. The parties have been instructed to be trial-ready by the beginning of January of 2013.

Accordingly, Plaintiff's motion for certification is denied. This Order resolves docket entry no. 196.

SO ORDERED.

Dated: New York, New York
       October 5, 2012

_____
LAURA TAYLOR SWAIN
United States District Judge